John J. Egbert - 011469
johnegbert@jsslaw.com
Paul G. Johnson – 010309
pjohnson@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911

Attorneys for Plaintiff Salt River Project Agricultural Improvement and Power District

Lisa M. Coulter - 010199
lcoulter@swlaw.com
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren
Phoenix, Arizona  85004-2202
Telephone:  (602) 382-6000

Attorneys for Plaintiff Headwaters Resources, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Salt River Project Agricultural Improvement and Power District, a municipal corporation and political subdivision of the State of Arizona, Headwaters Resources, Inc., a Utah corporation,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Reynold R. Lee, Casey Watchman, Woody Lee, Peterson Yazzie, Evelyn Meadows, Honorable Herb Yazzie, Honorable Louise G. Grant, Honorable Eleanor Shirley, Leonard Thinn and Sarah Gonnie,<br><br>                    Defendants. | No. CV 08-8028-PCT-JAT<br><br>**SECOND JOINT PROPOSED CASE MANAGEMENT PLAN**<br><br>(Rule 16 Scheduling Conference set for June 1, 2010 at 11:00 a.m.) |

3556042v1(42000.8024)

In accordance with the Court's Order of April 21, 2010 (Doc. #110), the Parties hereby submit their Joint Proposed Case Management Plan, which they ask the Court to adopt.

**1.     THE NATURE OF THE CASE:**

The Salt River Project Agricultural Improvement and Power District ("SRP") is a municipal corporation and political subdivision of the State of Arizona. It operates an electrical plant known as the Navajo Generating Station ("NGS"), located near Page, Arizona. NGS is owned by SRP and several other entities ("the Participants"). NGS is located on the Navajo Indian reservation pursuant to a lease between the Navajo Nation and the Participants (the "1969 Lease"), and pursuant to rights-of-way which the United States Secretary of the Interior ("the Secretary") granted to the Participants, pursuant to 25 U.S.C. § 323 (the "§ 323 Grant"). Headwaters is a contractor hired by SRP to perform work at NGS.

Reynold R. Lee is the Director of the Office of Navajo Labor Relations ("ONLR"). Casey Watchman, Woody Lee, Peterson Yazzie and Evelyn Meadows are members of the Navajo Nation Labor Commission (the "NNLC").   The Honorable Herb Yazzie is Chief Justice of the Navajo Nation Supreme Court; the Honorable Louise G. Grant and the Honorable Eleanor Shirley are Justices of the Navajo Nation Supreme Court. All of these Defendants are collectively referred to as the "Navajo Official Defendants." Leonard Thinn is a member of the Navajo Nation and a former employee of SRP. Sarah Gonnie is a member of the Navajo Nation and a former employee of Headwaters. Thinn

and Gonnie are collectively referred to as the "Individual Defendants."

Thinn and Gonnie worked at NGS and were terminated from their employment there. They separately filed complaints with ONLR, which issued right-to-sue notices to both. Thinn and Gonnie then filed complaints with the NNLC alleging that their firings at NGS violated a tribal ordinance, the Navajo Preference in Employment Act ("NPEA"). Both SRP and Headwaters filed motions to dismiss with the NNLC, alleging that it did not have jurisdiction. The NNLC granted both motions, and Thinn and Gonnie filed notices of appeal with the Navajo Nation Supreme Court, which consolidated the cases. After briefing and oral argument, the Navajo Nation Supreme Court issued an opinion concluding that the NNLC had jurisdiction and that the NPEA applied to both SRP and Headwaters. The court remanded the Thinn and Gonnie matters back to the NNLC.

The NNLC set hearings in both cases. SRP then submitted a letter to the Secretary pursuant to the dispute resolution procedure set forth in the 1969 Lease for disputes between the Participants and the Navajo Nation. After the NNLC denied stays in the proceedings, SRP and Headwaters filed this federal action. Subsequently, the NNLC stayed the Thinn and Gonnie hearings pending the Secretary's decision with regard to SRP's letter. The Secretary exchanged several letters with counsel for SRP and the Navajo Official Defendants.

Plaintiffs brought this action seeking declaratory and injunctive relief, prohibiting the Navajo Official Defendants from enforcing the NPEA at NGS or otherwise

attempting to regulate Plaintiffs' employment relationships.  (SRP also invoked a dispute resolution procedure in the 1969 Lease with respect to claims directly against the Navajo Nation).  This Court granted the Navajo Official Defendants' motion to dismiss, which argued that the claims in this litigation had to be submitted to the Secretary.  The Ninth Circuit reversed and remanded for further proceedings.

Prior to the grant of the motion to dismiss and the resulting appeal, the parties had fully briefed cross-motions for summary judgment concerning the merits of Plaintiffs' claims.  The Court has not yet decided the merits of these cross-motions for summary judgment.

### A.  Plaintiffs' Claims.

Plaintiffs describe their claims as follows:

Relying on both the § 323 Grant and the 1969 Lease, SRP and Headwaters have filed this action to obtain: (1) a declaratory judgment that, during the term of the 1969 Lease, the Defendants may not apply the NPEA to SRP or Headwaters at NGS, and that any employment actions or grievances by present or former employees at NGS are not subject to adjudication or other forms of regulation by the ONLR, the NNLC or the Navajo Nation Supreme Court; and (2) an injunction prohibiting Defendants from taking any action inconsistent with that declaration.  Plaintiffs would also seek interim injunctive relief if it is necessary to stop any such actions until a decision is reached on these issues.

The principal bases of Plaintiffs' claims are:  (1) the rights of exclusive possession

and quiet enjoyment of the lands on which NGS is built, and other rights granted under the § 323 Grant, in light of the *Montana* analytical framework; and (2) a covenant in the 1969 Lease by which the Navajo Nation covenanted that "other than as expressly set out in this Lease, it will not directly or indirectly regulate or attempt to regulate the Lessees in the construction, maintenance or operation of the Navajo Generation Station." Interpreting a nearly identical non-regulation provision in a lease between the Navajo Nation and the Arizona Public Service Company ("APS"), related to the Four Corners Power Plant, this Court (Judge Broomfield) and the Ninth Circuit enjoined tribal officials from enforcing the NPEA against APS.  *See Arizona Public Service Co. v. Aspaas*, 77 F.3d 1128 (9th Cir. 1996).

        B.       <u>Defendants' Defenses</u>.

The Navajo Official Defendants describe their defenses as follows:

    SRP and the Navajo Nation have an agreement that any dispute arising under the 1969 Lease will be resolved through an alternative dispute resolution process.  SRP invoked that process.  The Ninth Circuit concluded the Secretary addressed SRP's request by concluding in his May 10, 2008 letter that the Navajo Nation had not waived its jurisdiction over employment practices at NGS and the Secretary later declined to reconsider that decision.  This case should be dismissed because SRP's only remedy is to appeal the Secretary's decision, which it has not done here.

    The Navajo Nation properly exercised jurisdiction over the Thinn and Gonnie disputes because it has retained inherent sovereignty over employment on the Navajo

Reservation and because SRP entered into a consensual relationship with the Navajo Nation through the 1969 Lease.  Furthermore, Plaintiffs are bound by the Navajo Supreme Court opinion in the consolidated Thinn and Gonnie case, which found that the Commission has jurisdiction over NGS and that the NPEA is applicable to the employees at NGS.  Accordingly, Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.  Moreover, the Ninth Circuit's opinion in *Arizona Public Service Co. v. Aspaas*, 77 F. 3d 1128 (9th Cir. 1996), is not controlling in this case because *Aspaas* was decided without the benefit of the Navajo Supreme Court's decision here that, as a matter of Navajo law, the Navajo officials responsible for negotiation and approval of the 1969 Lease were without authority to waive Navajo jurisdiction over employment matters at NGS.  Additionally, *Aspaas* is not controlling because it is distinguishable on the facts in that *Aspaas* was an interpretation of a different lease between different parties.

Plaintiffs also cannot obtain the relief they seek because they failed to join indispensable parties, namely the United States, which cannot be joined because it has not waived sovereign immunity for this action.  Finally, Plaintiffs' claims are barred by the doctrine of unclean hands, which has arisen out of decades of improper treatment of Navajo employees at NGS, and by Plaintiffs' knowing and voluntary assumption of the risk that Navajo laws and jurisdiction would control at NGS, which is located on the Navajo Reservation.

Defendants Thinn and Gonnie describe their defenses as follows:

Plaintiffs assert the jurisdiction of this Court based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1337. The federal courts do not have jurisdiction under these statutes. Defendants Thinn and Gonnie submit that the only legitimate issue before the federal courts is the question of whether the Navajo court system has jurisdiction over this dispute. Unless the Court determines that Navajo courts lacked jurisdiction, proper deference to the tribal court system precludes relitigation of issues raised by Plaintiffs and resolved in the Tribal Courts. In this case, the lease provisions at issue were interpreted by the Navajo Supreme Court, and that Court found that the lease provisions did not prevent the application of Navajo employment law to the Defendants. The federal courts should respect this ruling.

The Navajo Nation has the sovereign right to regulate the employment conditions faced by enrolled members employed on leased tribal land, even where the tribal land has been leased by a private corporation. The U.S. Supreme Court has recognized that sovereign right and has never taken that right away in any case. The right to regulate was certainly not lost in *Montana*, which provided that when parties such as the Plaintiffs enter into consensual relationships with the tribe, the tribe has the right to regulate. Defendants Thinn and Gonnie contend the right to regulate Plaintiffs as employers continues and validates the action of the Navajo Nation Supreme Court in this case.

**2.     THE JURISDICTIONAL BASIS OF THE CASE:**

Plaintiffs rely on 28 U.S.C. §§ 1331, 1337.  Defendants Thinn and Gonnie dispute

the Court's subject matter jurisdiction.

3. **PARTIES AND STATUS OF SERVICE:**

All parties have been served, and all parties have answered.

4. **PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION:**

All parties are subject to this Court's personal jurisdiction.

5. **REFERENCE TO ARBITRATION, SPECIAL MASTER OR MAGISTRATE JUDGE:**

The parties agree that this case should not be referred to arbitration, special master or Magistrate Judge.

6. **STATUS OF RELATED CASES:**

There are no related cases before any court.

7. **DISCLOSURES:**

All parties exchanged their initial disclosures under Rule 26(a)(1), Fed. R. Civ. P., in May 2008.

8. **PROPOSED DEADLINES FOR:**

    A. Filing Motions to Amend the Pleadings:  Within thirty (30) days after the Court enters its ruling on the pending motion to dismiss.

    B. Disclosure of Expert Testimony:

        1. Plaintiffs' expert disclosure:   October 29, 2010

        2. Defendants' expert disclosure:  November 29, 2010

        3. Rebuttal expert disclosure:     December 17, 2010

C. <u>Discovery</u>:  March 18, 2011

D. <u>Filing Dispositive Motions</u>:  Within thirty (30) days after the Court enters its ruling on the pending motion to dismiss, the parties may simultaneously file brief (but optional) supplements to the currently pending cross-motions for summary judgment, not to exceed ten (10) pages.

**9.    SUGGESTED CHANGES IN DISCOVERY LIMITATIONS:**

None at this time.

**10.    TRIAL:**

If this matter proceeds to trial, the parties currently believe this matter will be ready for trial on May 23, 2011.  The parties estimate the length of trial to be five (5) trial days.  The parties do not have any ideas on how the trial might be shortened.

**11.    JURY TRIAL:**

No party has requested a jury trial.

**12.    PROSPECTS FOR SETTLEMENT:**

The parties agree that the prospects for settlement of this case are remote.

**13.    MODIFICATION OF PRETRIAL PROCEDURES:**

No suggestions at this time.

DATED this 11th day of May, 2010.

JENNINGS, STROUSS & SALMON, P.L.C.


By  s/John J. Egbert
   John J. Egbert
   Paul G. Johnson
   The Collier Center, 11th Floor
   201 East Washington Street
   Phoenix, Arizona  85004-2385
   Attorneys for Plaintiff Salt River Project
   Agricultural Improvement and Power
   District

SNELL & WILMER, LLP


By    s/Lisa M. Coulter (with permission)
   Lisa M. Coulter
   One Arizona Center
   400 East Van Buren
   Phoenix, Arizona  85004-2202
   Attorneys for Plaintiff Headwaters
   Resources, Inc.

PERKINS, COIE BROWN & BAIN, P.A.


By    s/Philip R. Higdon (with permission)
   Philip R. Higdon
   Rhonda L. Barnes
   2901 North Central Avenue
   Phoenix, AZ 85012
   Attorneys for Defendants Reynold R. Lee,
   Casey Watchman, Woody Lee, Peterson
   Yazzie, Evelyn Meadows, Herb Yazzie,
   Lorene B. Ferguson, and Cathy Begay

JORDAN & ROSEBROUGH, P.C.


By    s/David R. Jordan (with permission)
   David R. Jordan
   101 West Aztec, Suite A
   P.O. Box 840
   Gallup, NM 87305
   Attorneys for Defendants Leonard Thinn
   and Sarah Gonnie

1 | COPY of the foregoing filed electronically with the Court's CM/ECF
2 | system on this 11th day of May, 2010,

3 | Clerk of the United States District Court
    Sandra Day O'Connor U.S. Courthouse
4 | 401 West Washington Street
    Phoenix, AZ 85003-2156
5 |
    COPY of the foregoing mailed this
6 | 11th day of May, 2010, to:

7 | The Honorable James A. Teilborg
    United States District Court
8 | Sandra Day O'Connor U.S. Courthouse, Suite 523
    401 West Washington Street, SPC 51
9 | Phoenix, AZ 85003-2156

10

11 | By:   s/Meeling Tan

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26